UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: 21st CENTURY ONCOLOGY
CUSTOMER DATA
SECURITY BREACH LITIGATION          MDL No. 2737

                        Case No: 8:16-md-2737-MSS-AEP
                        Member cases:
                        8:16-cv-02894-MSS-AEP
                        8:16-cv-02920-MSS-AEP
                        8:16-cv-02921-MSS-AEP
                        8:16-cv-02923-MSS-AEP

This Document Relates to ALL CASES

## CASE MANAGEMENT ORDER NO. 1
## AND ORDER SETTING INITIAL STATUS CONFERENCE

**I.     Initial Status Conference**

      **A.     Date.**  This matter is set for a status conference on **Wednesday, November 16, 2016, at 9:00 AM**, in Courtroom 7A before the **Honorable Mary S. Scriven** at the Sam M. Gibbons U.S. Courthouse, 801 N. Florida Ave., Tampa, Florida 33602.  Three (3) hours have been set aside for this hearing.

      **B.     Attendance.**  To minimize costs and facilitate a manageable conference, individual parties and corporate parties are not required to attend the conference, although they may do so if they wish, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference.  A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation.  Counsel for

parties, or designated counsel for parties, **SHALL APPEAR IN PERSON**. At subsequent status conferences, the Court in consultation with counsel, will provide a remote access method of appearance in order to reduce costs and time associated with travel to attend future hearings and conferences, where appropriate. Counsel for persons or entities who currently are not named as parties, but may be later joined as parties or are parties in related litigation pending in other federal and state courts, are welcome to attend the conference.

      **C.**    **Service List and Other Participants.** Counsel who have registered with the Clerk of Court in this district for CM/ECF Electronic Noticing and Filing will receive electronic notice of this Order. The court requests such counsel to forward this Order to other attorneys of parties who are not yet named but are expected to be joined as parties in this case and should be notified of the conference but who may not be registered for E-Noticing and E-Filing.

      **D.**    **Preparation for Conference.**

      **(1)**    **Meeting of Counsel.** Before the conference, counsel for Plaintiff(s) and counsel for Defendant(s) **SHALL** confer and seek consensus to the extent possible regarding a **tentative agenda for the conference**, including a listing of motions the parties may wish to propose for early consideration, a listing of counsel and parties who will be attending the status conference, the manner of proceeding going forward etc. By separate Order entered this same date, the Court denies, without prejudice, all motions that are pending in the member cases. Counsel shall advise the Court, in their joint preliminary report, which motions the Parties will be proposing to refile in the master case. Designated Counsel shall be prepared at the status conference to provide a **BRIEF**

summary of the motion(s) (i.e. the parties anticipate filing motions challenging jurisdiction, requesting bifurcated discovery etc.). Counsel need not be prepared to present argument concerning the motion(s). On or before **Wednesday, November 2, 2016**, counsel **SHALL** file the proposed joint agenda in the Master Case.

**(2)     Joint Preliminary Status Report.**  On or before **Wednesday, November 2, 2016**, counsel for Plaintiff(s) and counsel for Defendant(s) **SHALL** file a joint and concise written report indicating their preliminary understanding of the facts involved in the litigation and what they expect to be the critical factual and legal issues. The status report should not be used to argue the party's case, or to present all possible legal theories. Instead, the report should apprise the court of the case and current issues affecting trial preparation. These statements will not be binding, will not waive other claims or defenses, may not be offered in evidence against a party in later proceedings, and should not be presented as argument. The Joint Preliminary Status Report **SHALL** also include the following:

>   **(a)     Rule 16 Schedule**. The parties **SHALL** confer and seek consensus to the extent possible regarding a proposed **Rule 16 schedule for deadlines**. The parties **SHALL** notify the Court of any parallel litigation currently pending in other courts.
>
>   **(b)     Settlement Efforts.**  The Parties shall also consider the prospects for settlement of this matter and **SHALL** report their efforts to settle to date. The Parties **SHALL** make every effort to agree upon a mediator and shall provide the individual's name. If the Parties cannot agree on a mediator, a list of proposed mediators not to exceed five (5)

proposed mediators, shall be provided to the Court. In selecting the agreed mediator or the proposed mediators, the Parties are **NOT** limited to the list of Court approved mediators on the Court's website.

**(3)** **Lead and Liaison Counsel, and Steering Committees.** Attorneys interested in serving as Lead, Liaison, or Coordinating Counsel on a committee of counsel to assist in coordination and management of the litigation, **SHALL** file on or before **Wednesday, November 2, 2016**, a Motion for Appointment. The motion should contain information outlining counsel's experience in similar cases and any prior appointment to such position; how and at what rates counsel will expect to be compensated or reimbursed for services rendered to other parties and counsel; and what agreements or commitments, if any, they have made respecting the role and responsibility of other attorneys in conducting pretrial proceedings, discovery, and trial. Any such motion shall be filed **UNDER SEAL** and shall be designated as a **SEALED MOTION** in the caption. The **CLERK** is directed to accept these motions and docket them **UNDER SEAL**.

**II.** **Responsive Pleading, Motions, and Discovery**

**A.** **STAY.** As noted above, the MDL Proceedings are set for a status conference on **Wednesday, November 16, 2016**. Pending that status conference, deadlines for responsive pleadings, outstanding discovery, motions practice in the MDL Proceedings, and any tag-along or directly filed actions over which this court acquires jurisdiction, are **STAYED**. No further discovery shall be initiated, and until further order of this court and except as set forth herein, no pleadings, motions or responses shall be filed.

**B.     Preservation of Documents.**     In accordance with Federal Rule of Civil Procedure 37 and applicable law related generally to preservation of records whether electronically stored or traditionally stored in paper, all parties **SHALL** suspend any routine document retention/destruction policy and put in place a 'litigation hold' to ensure preservation of all relevant documents, including documents stored on hard drives, file folders, archive facilities, and personal electronic devices, including cellular phones and laptop and desktop computers, wherever maintained. Failure to do so may result in the imposition of sanctions in this action.

### III.    Miscellaneous

**A.     Master Docket and Captions.**     The Clerk of Court will maintain a Master Docket Case File under Case No.: 8:16-md-2737-MSS-AEP captioned IN RE: 21st CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION with the identification "MDL No. 2737".  When a pleading is intended to be applicable to all actions, this intent shall be indicated in the caption of this Order by the words "This Document Relates to All Cases."  Such a pleading SHALL only be filed in the master docket.  When a pleading is intended to apply only to a specific case, it SHALL be filed in both the specific case and in the master docket with the words "This Document Relates Only to Case [listing the individual case number assigned by the Clerk of Court, in the Middle District of Florida, Tampa Division]" in the caption.  Any pleadings that are to be filed in any of the member cases shall be filed with the Clerk of the Middle District of Florida, Tampa Division and not with the transferor district court.

**B.     Admission of Counsel.**  The court permits attorneys in this case who are admitted to practice and in good standing in any United States District Court to appear

*pro hac vice* in this litigation, without need for any other motion, order, or payment of fee; and association of local counsel is not required. However, Counsel SHALL file a notice of appearance, with an accompanying certification in the master case certifying that they are in good standing, that they submit themselves to the jurisdiction of this Court for purposes of this case and that they consent to be governed by, bound by, and subject to all of the Local Rules of this Court, including without limitation, Local Rule 2.04. The notice shall include the names of the court(s) in which counsel is authorized to practice law. All Counsel shall be responsible for reading and abiding by the Local Rules for the Middle District of Florida and all orders entered in this case.

  **C.** **Electronic Filing Requirement.**  All counsel participating in this litigation, to the extent not already registered, are **DIRECTED** to register and utilize the Court's electronic filing system (CM/ECF). Counsel may register for CM/ECF by accessing the Court's website, www.flmd.uscourts.gov under CM/ECF, Register for a CM/ECF login.

  **D.** **Communication with the Court**. Should counsel wish to communicate with the Court, all such communications SHALL be in the form of motions and only after undertaking good faith efforts to conciliate and resolve the dispute or concern with opposing counsel as per the local rules. M.D. Fla. R. 3.01(g). **COUNSEL SHALL NOT COMMUNICATE WITH THE COURT BY EMAIL OR LETTER FILINGS.** Should counsel wish to speak with Chambers concerning PURELY MINISTERIAL MATTERS, the point

of contact shall be Anaida Vizza, who can be reached at the main line for Chambers, (813) 301-5710.

      **DONE and ORDERED** in Tampa, Florida, this 18th day of October, 2016.

                                             MARY S. SCRIVEN
                                             UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party