UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: 21st CENTURY ONCOLOGY
CUSTOMER DATA SECURITY BREACH
LITIGATION

MDL No. 2737

CASE NO.: 8:16-md-2737-MSS-AEP

This Document Relates to All Cases

## JOINT PRELIMINARY STATUS REPORT

Pursuant to the Court's Case Management Order No. 1 and Order Setting Initial Status Conference (Dkt. No. 19) ("CMO No. 1"), Plaintiffs and Defendants in the 16 actions transferred to this Court as part of MDL 2737 respectfully submit this joint preliminary status report.

**I.      Preliminary Understanding of the Facts and the Critical Factual and Legal Issues**

As alleged by Plaintiffs in their complaints, on March 4, 2016, 21st Century Oncology, Inc. and its subsidiaries (collectively, "21st Century Oncology" or "Defendants") announced that their data systems had been breached, compromising the sensitive personal information—including Social Security numbers and highly confidential medical data—of approximately 2.2 million patients (the "Alleged Data Breach"). The FBI notified 21st Century Oncology of the Alleged Data Breach in November 2015, approximately one month after the Alleged Data Breach occurred. Defendants dispute these allegations and characterizations of the facts.

Beginning in March 2016, Plaintiffs filed the transferred actions against 21st Century Oncology alleging that Defendants failed to reasonably safeguard patients' personally identifiable information ("PII") and provide timely and adequate notice of the Alleged Data Breach. Plaintiffs' complaints assert various common law and state claims, including negligence, unjust enrichment, and violations of the Florida Deceptive and Unfair Trade

Practices Act, Fla. Stat. § 501.201, *et seq.*, the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.*, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

Critical factual issues in this litigation will include:

- The extent of 21st Century Oncology's knowledge of the risk of a data breach;
- The adequacy of 21st Century Oncology's data security practices and protocols before, during and after the Alleged Data Breach;
- Whether 21st Century Oncology complied with data security industry regulations; and
- The nature and extent of the sensitive PII accessed, disclosed, or exfiltrated, including whether the information was confidential.

Critical legal issues present in this litigation will include:

- Whether 21st Century Oncology owed a duty to its patients to safeguard their PII;
- Whether 21st Century Oncology breached a legal duty to protect its patients' sensitive PII;
- Whether 21st Century Oncology's data security practices and procedures were reasonable;
- Whether the Alleged Data Breach was foreseeable;
- Whether 21st Century Oncology timely and adequately informed its patients of the Alleged Data Breach;
- Whether Plaintiffs' allegations state claims for which relief may be granted under Rule 12, including whether any given plaintiff has suffered any injury or damages caused by any of the conduct alleged against the Defendants;
- Whether a national class and/or state classes can be certified under Rule 23;

- Whether 21st Century Oncology violated the data breach statutes of various states;

- Whether 21st Century Oncology violated the consumer protection statutes of various states;

- Whether Plaintiffs are entitled to actual damages and/or statutory damages; and

- Whether Plaintiffs are entitled to declaratory, injunctive, or other equitable relief.

## II.     Procedural Status of the Litigation

No motions have been filed in this Court since the cases were transferred by the Judicial Panel on Multidistrict Litigation ("JPML"). The Court denied without prejudice all pending motions in the member cases (Dkt. No. 20), including previously filed motions for appointment of interim lead counsel in this District and Defendants' motions to dismiss filed in *Corbel, et al. v. 21st Century Oncology of California*, No. 16-2944 WHA (N.D. Cal.) and *Padilla v. 21st Century Oncology of California*, No. 16-3711 WHA (N.D. Cal). Pursuant to the Court's Case Management Order No. 1, Plaintiffs' counsel will file motions for leadership appointment on or before November 2, 2016.

### A.     Individual Declaratory Judgment Action

On September 26, 2016, two of 21st Century Oncology's insurers filed an insurance declaratory judgment action, *The Charter Oak Fire Insurance Co. v. 21st Century Oncology Investments, LLC*, No. 2:16-cv-00732-UA (M.D. Fla.). The action, as amended, named both 21st Century Oncology and all plaintiffs in the present matter as defendants. The insurance plaintiffs sought a declaration of their obligations to 21st Century Oncology under their policies as related to the present matter. On October 26, 2016, the Honorable John E. Steele dismissed the amended complaint without prejudice for failure to (1) individually name each defendant to the suit, (2) sufficiently plead jurisdictional allegations against the each defendant, and (3) allege a

factual basis for relief. *Id.*, Dkt. No. 60. On October 31, 2016, an amended complaint was filed naming each of the plaintiffs in the present matter as defendants. *Id.*, Dkt. No. 61.

### III. Proposed Discovery

#### A. Commencement of Fact Discovery

Plaintiffs propose that fact discovery commence upon the Court's appointment of interim lead counsel. Defendants may propose that fact discovery be stayed or limited pending resolution of an initial motion to dismiss. Defendants have begun conferring and will continue to confer with whomever is appointed as interim lead counsel about voluntarily producing documents and information during this stay that do not contain PII, so that if the motion to dismiss is unsuccessful, meaningful and targeted factual discovery can immediately commence.

#### B. Initial Disclosures

The parties intend to exchange initial disclosures 21 days after the Court appoints interim lead counsel.

#### C. Electronic Discovery

The parties are particularly cognizant that the production and handling of electronically stored information ("ESI") in this case may carry the risk of further disclosures of class members' personal information. The parties anticipate negotiating an ESI stipulation once interim lead counsel is appointed, which they will submit to the Court for consideration within 21 days after the Court appoints interim lead counsel.

#### D. Protective Order

The parties expect to stipulate to a protective order governing the treatment of confidential information once interim lead counsel is appointed, which they will submit to the Court for consideration within 21 days after the Court appoints interim lead counsel.

### E. Discovery Limits

Plaintiffs believe that discovery in this case may exceed the limitations imposed by Federal Rule of Civil Procedure 30. Defendants do not believe that discovery will exceed the limitations imposed by the federal rules. The parties will meet and confer once interim lead counsel is appointed and negotiate a proposed stipulation if necessary, which they will submit to the Court for consideration.

### F. Expert Discovery

Plaintiffs anticipate that this case will require a number of expert witnesses, including experts on data security, industry standards, and Plaintiffs' damages.

## IV. Consolidated Complaint

Plaintiffs will file a Consolidated Complaint within 60 days following entry of an Order appointing interim lead counsel.

## V. Settlement Efforts

On November 1, 2016, representative counsel for all parties jointly met and conferred pursuant to the Court's Case Management Order No. 1, including a discussion of the prospects for resolution. Plaintiffs would be willing to consider the following mediators:

1. Cathy Yanni, JAMS
2. Hon. Peter D. Lichtman (Ret.), JAMS
3. Lynn S. Frank, Frank and Feder, Mediator
4. Randi S. Ellis, Perry, Atkinson, Balhoff, Mengis & Burns, L.L.C.

Due to the procedural posture of this case, Defendants believe that settlement and the selection of a mediator is premature at this time. However, Defendants would be willing to reconsider settlement prospects once interim lead counsel is selected and once this case has

progressed further. To that end, Defendants would be willing to consider the following two mediators:

1. Steve Sawicki, Mediator

2. Jay Cohen, Mediator

Both parties have indicated a willingness to consider Rod A. Max, Upchurch Watson White & Max Mediation Group.

## VI. Trial Date

Plaintiffs have requested a jury trial for all issues and damages so triable.  The parties estimate such trial will take 10-14 days.  The parties believe that setting a trial date may be premature at this time, and respectfully request that this matter be revisited after a ruling on class certification or when the Court deems appropriate.

## VII. Proposed Schedule

The parties, having met and conferred, propose the following approximate schedule; however, the parties reserve the right to submit dates in their Proposed Rule 16 Schedule which may vary from the following:

| **Event** | **Proposed Date** |
| --- | --- |
| Appointment of interim lead counsel | (11/16/16) |
| Fact discovery commences | Plaintiffs Position: Upon the Court entering an order appointing interim lead counsel (11/16/16) Defendants Position: Discovery should be stayed or limited pending resolution of the initial motion to dismiss |
| Rule 26(a) initial disclosures | 21 days after the Court enters an order appointing interim lead counsel (12/7/16) |

| Event | Proposed Date |
|---|---|
| Certificate of Interested Persons and Corporate Disclosure Statement | 21 days after the Court enters an order appointing interim lead counsel (12/7/16) |
| Proposed Protective Order and ESI Protocol | 21 days after the Court enters an order appointing interim lead counsel (12/7/16) |
| Consolidated Complaint | 60 days after the Court enters an Order appointing interim lead counsel (1/13/17) |
| Answer or Motion to Dismiss | 30 days after deadline for filing of Consolidated Complaint  (2/13/17) |
| Deadline for Plaintiffs to Respond to any Motion to Dismiss | 30 days after deadline for Motion to Dismiss  (3/15/17) |
| Hearing on Motion to Dismiss | If oral argument is requested and granted by the Court, at such time designated by the Court (4/14/17) |
| Deadline to file motions to add parties or to amend pleadings | 30 days after deadline for Motion to Dismiss (3/15/17) |
| Deadline for Plaintiffs to file Motion for Class Certification | 180 days after a ruling on the Motion to Dismiss (12/29/17) |
| Deadline for Defendants to file Opposition to Motion for Class Certification | 30 days after deadline for filing of Motion for Class Certification  (1/31/18) |
| Hearing on Motions for Class Certification | If oral argument is requested and granted by the Court, at such time designated by the Court (2/28/18) |
| Mediation Deadline | (2/16/18) |
| Close of document fact discovery | 11 months before trial (3/26/18) |
| Close of deposition fact discovery | 10 months before trial (4/25/18) |
| Disclosure of Plaintiffs' expert reports | 9 months before trial (5/25/18) |
| Disclosure of Defendants' expert reports | 8 months before trial (6/25/18) |

7

| Event | Proposed Date |
|---|---|
| Close of expert discovery | 7 months before trial (7/25/18) |
| *Daubert* Motions | 6 months before trial (8/27/18) |
| Dispositive Motions | 5 months before trial (9/25/18) |
| Hearing on dispositive motions | If oral argument is requested and granted by the Court, at such time designated by the Court |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | 10 days before Joint Final Pretrial Statement deadline (1/4/19) |
| Joint Final Pretrial Statement deadline (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, *Voir Dire* Questions, Witness Lists, Exhibit Lists with Objections on Approved Form | 6 weeks before trial (1/14/19) |
| All Other Motions including Motions *In Limine* and any motions to remand | 1 week before Final Pre-trial Conference (1/21/19) |
| Final Pretrial Conference | If needed, 4 weeks before trial (1/28/19) |
| Trial Briefs and Deposition Transcripts | 2 weeks before trial (2/11/19) |
| Trial by Jury | February 25, 2019, or when the Court deems appropriate |

Respectfully submitted on November 2, 2016.

| **KELLER ROHRBACK L.L.P.** | **BAKER & HOSTETLER** LLP |
|---|---|
| By: */s/ Cari Campen Laufenberg* <br> Gretchen Freeman Cappio, admitted *pro hac vice* <br> Cari Campen Laufenberg, admitted *pro hac vice* <br> Amy N. L. Hanson, admitted *pro hac vice* <br> 1201 Third Avenue, Suite 3200 <br> Seattle, WA 98101 <br> Telephone: (206) 623-1900 <br> Facsimile: (206) 623-3384 <br> gcappio@kellerrohrback.com <br> claufenberg@kellerrohrback.com <br> ahanson@kellerrohrback.com <br><br> *Counsel for Plaintiffs Rona Polovoy, Robert Russell, and Veneta Delucchi* | By: */s/ Casie D. Collignon* <br> Casie D. Collignon, admitted *pro hac vice* <br> Paul G. Karlsgodt, admitted *pro hac vice* <br> 1801 California Street, Suite 4400 <br> Denver, CO 80202-2662 <br> Telephone: (303) 764-4037 <br> Facsimile: (303) 861-7805 <br> ccollignon@bakerlaw.com <br> pkarlsgodt@bakerlaw.com <br><br> Jerry R. Linscott <br> Florida Bar Number 148009 <br> **BAKER & HOSTETLER** LLP <br> 200 South Orange Ave., Suite 2300 <br> Orlando, FL 32801-3432 <br> Telephone: (407) 649-4000 <br> Facsimile: (407) 841-0168 <br> jlinscott@bakerlaw.com <br><br> *Counsel for Defendants 21st Century Oncology Holdings, Inc.; 21st Century Oncology, LLC; 21st Century Oncology Management Services, Inc.; 21st Century Oncology, Inc.; 21st Century Services, LLC; and 21st Century Oncology of California* |
| Robert C. Gilbert <br> Florida Bar Number 561861 <br> Ari Kaufman <br> Florida Bar Number 84382 <br> **KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT** <br> 2800 Ponce de Leon Blvd., Suite 1100 <br> Coral Gables, FL 33134 <br> Telephone: (305) 529-8858 <br> Facsimile: (954) 525-4300 <br> gilbert@kolawyers.com <br> kaufman@kolawyers.com <br><br> *Counsel for Plaintiffs Rona Polovoy, Robert Russell, Stacey Schwartz, Judith Cabrera, Veneta Delucchi, and Bradley Bernius* | Daniel Girard, admitted *pro hac vice* <br> Jordan Elias, admitted *pro hac vice* <br> Esfand Y. Nafisi, admitted *pro hac vice* <br> Linh G. Vuong, admitted *pro hac vice* <br> **GIRARD GIBBS LLP** <br> 601 California St. #1400 <br> San Francisco, CA 94108 <br> Telephone: (415) 981-4800 <br> Facsimile: (415) 981-4846 <br> dcg@girardgibbs.com <br> je@girardgibbs.com <br> eyn@girardgibbs.com <br> lgv@girardgibbs.com <br><br> *Counsel for Plaintiffs Stacey Schwartz,* |

David L. Ferguson
Florida Bar Number 981737
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
1 West Las Olas Blvd., 5th Floor
Ft. Lauderdale, FL  33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
ferguson@kolawyers.com

*Counsel for Plaintiffs Rona Polovoy, Robert Russell, Stacey Schwartz, and Judith Cabrera*

Kenneth G. Gilman
Florida Bar Number 340758
**GILMAN LAW, LLP**
Beachway Professional Center Tower
8951 Bonita Beach Road, S.E. Ste. #525
Bonita Springs, FL 34135
Telephone: (239) 598-3541
kgilman@gilmanlawllp.com

*Counsel for Plaintiff Stuart Kaplan*

Jodi Westbrook Flowers, admitted *pro hac vice*
Mathew Jasinski, admitted *pro hac vice*
Laura Ray*, pro hac vice forthcoming*
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9163
Facsimile: (843) 216-9027
jrice@motleyrice.com
jflowers@motleyrice.com
mjasinski@motleyrice.com

*Counsel for Plaintiff Mary Barbieri*

Charles PT Phoenix, Trial Counsel
The Florida Bar No. 0535591

*Judith Cabrera, and Bradley Bernius*

Laurence D. King, admitted *pro hac vice*
Linda Fong, admitted *pro hac vice*
Matthew George, admitted *pro hac vice*
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 772-4700
lking@kaplanfox.com
lfong@kaplanfox.com
mgeorge@kaplanfox.com

*Counsel for Plaintiffs Jim Bimonte and Mary Ann Rodriguez*

Michael W. Sobol, admitted *pro hac vice*
Roger N. Heller, admitted *pro hac vice*
Michael Levin-Gesundheit, admitted *pro hac vice*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Flor 29
San Francisco, CA 94111
Telephone: (415) 956-1000
msobol@lchb.com
rheller@lchb.com
mgesundheit@lchb.com

Jason Lichtman, admitted *pro hac vice*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
Telephone: (212) 355-9500
jlichtman@lchb.com

*Counsel for Plaintiffs Wilhelm Radauscher, Elizabeth Cetrulo, and David Glickman*

David Hughes Harris
**HARRIS LAW FIRM, PA**

10

Email cptp@RhodesTucker.com
Jason T. File
The Florida Bar No. 0023155
Email jf@RhodesTucker.com
Anthony J. Dimora
The Florida Bar No. 0092347
Email ad@RhodesTucker.com
**RHODES TUCKER**
2407 Periwinkle Way, Suite 6
Sanibel FL 33957
Telephone: (239) 472-1144
Facsimile: (239) 461-0083

8695 College Pkwy, Suite 1350
Ft Myers, FL 33919
Tel: (239) 985-4240
Fax: (239) 236-0940
dhhesq@gmail.com

*Counsel for Plaintiff John Dickman*

Thomas V. Girardi
California Bar No. 36603
Alexandra Steele
California Bar No. 291339
**GIRARDI | KEESE**
1126 Wilshire Boulevard
Los Angeles CA 90017
Telephone: (213) 977-0211
Facsimile:   (213) 481-1554
tgirardi@girardikeese.com
asteele@girardikeese.com

Jason W. Graham
Georgia Bar No. 304595
**Graham & Jensen, LLP**
17 Executive Park Drive, Suite 115
Atlanta, GA 30329
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
jgraham@grahamjensen.com

*Counsel for Plaintiffs Frank Baburchak, Kevin Hennings, Dorothy A. Ivory, Irene Goodman, Lana Izworski, Jeremy Miller, Helene Phillips, Lew Phillips, Leonardo Rodriguez, Stacey Schall (Adams), Kathleen Shaver, Dolores Stubbs, Berdenna Thompson, J.V. (a Minor by and Through Parent and Natural Guardian Robert Vosganian), and Karen Vosganian*

Curtis B. Miner
Florida Bar No. 885681
Julie Braman Kane
Florida Bar No. 980277
Stephanie A. Casey
Florida Bar No. 097483
**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone:  (305) 476.7400
Facsimile:   (305) 476.7444
curt@colson.com
julie@colson.com
scasey@colson.com

William DeForest Thompson Jr.
Florida Bar No. 735264
**WILLIAM DEFOREST THOMPSON JR., LLC**
2051 McGregor Boulevard
Fort Myers, FL 33901
Telephone: (239) 332-3655
Facsimile:  (239) 334-3615
wdeft@thethompsonlawfirm.net

*Counsel for Plaintiff Trelease*

Steven William Teppler (FL Bar No. 14787)
**ABBOTT LAW GROUP, PA**
2929 Plummer Cove Rd.
Jacksonville, FL 32223-6672
Tel: (904) 292-1111
Fax: (904) 292-1220
steppler@abbottlawpa.com

Mark S. Goldman
Brian D. Penny
**GOLDMAN SCARLATO & PENNY, P.C.**
8 Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, PA 19428
Tel: (484) 342-0700
Fax: (484) 580-8747
goldman@lawgsp.com
penny@lawgsp.com

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Tel: (612) 339-7300
Fax: (612) 336-2940
bbleichner@chestnutcambronne.com

*Counsel for Plaintiffs Timothy Meulenberg and Sharon MacDermid*

Steven S. Maher
Florida Bar No. 887846
Matthew S. Mokwa
Florida Bar No. 47761
THE MAHER LAW FIRM, PA
631 W Morse Blvd., Suite 200
Winter Park, FL 32789
Tel: (407) 839-0866
Fax: (407) 425-7958
smaher@maherlawfirm.com
mmokwa@maherlawfirm.com

*Counsel for Plaintiff George Delgado*

Joshua H. Eggnatz
Michael J. Pascucci
**EGGNATZ, LOPATIN &PASCUCCI, LLP**
5400 S University Drive, Ste. 417
Davie, FL 33328
Tel: (954) 889-3359
Fax: (954) 889-5913
jeggnatz@elplawyers.com
mpascucci@elplawyers.com

Patrick Slyne
Melissa Emert
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022
pkslyne@ssbny.com
memert@ssbny.com

*Counsel for Plaintiffs Matthew Benzion, Gayle Birken-Sikora, Matthew Sikora, Susan Lewin, Jeffrey Lewin, Jon Lokietz, Caryn Bendetowies, and Rita Marx*

Neil Burnstein Fineman
Phillip R. Poliner
**FINEMAN POLINER LLP**
155 North Riverview Drive
Anaheim Hills, CA 92808
Tel: (714) 620-1125
Fax: (714) 701-0155
neil@finemanpoliner.com
phillip@finemanpoliner.com

*Counsel for Plaintiff Daniel Padilla*

Daniel S. Robinson (SBN 244245) admitted *pro hac vice*
drobinson@rcrsd.com
Wesley K. Polischuk (SBN 254121) admitted *pro hac vice*
wpolischuk@rcrsd.com
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Kent G. Whittemore
KENT G. WHITTEMORE, ESQUIRE
The Whittemore Law Group, P.A.
100 Second Avenue South, Ste. 304-S
St. Petersburg, FL 33701
Tel: (727) 821-8752
kwhittemore@wherejusticematters.com

*Counsel for Plaintiff George Delgado and Melquiades Bonilla*

Eric A. Grover, admitted *pro hac vice*
Robert Spencer, admitted *pro hac vice*
**KELLER GROVER LLP**
1965 Market Street
San Francisco, CA 94103
Tel: (415) 543-1305
Fax: (415) 543-7861
eagrover@kellergrover.com
rspencer@kellergrover.com

*Counsel for Plaintiffs James Corbel and Roxanne Haatvedt*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which send notice of electronic filing to all counsel of record.

                                                      */s/ Casie D. Collignon*