# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| IN RE:  21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 8:16-md-2737-MSS-AEP |
| | MDL No. 2737 |
| This Document Relates to All Cases | **STIPULATED PROTECTIVE ORDER** |

## 1.    PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 1.09 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.[1]

## 2.    DESIGNATING PROTECTED MATERIAL

**2.1     Over-Designation Prohibited**. The parties, and third parties subpoenaed by one of the parties, may designate as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," or "ATTORNEYS' EYES ONLY" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a

---

[1] On November 18, 2016, the Court ordered certain materials to be produced by Defendants as part of the parties' initial disclosures, including the forensic report, subject to a non-waiver agreement. .  *See* Order (Dkt. # 81) at ¶ 4. There are certain attachments to this report that Defendants assert require additional protection.  The parties are in the process of meeting and conferring to provide this Court with a separate protective order tailored to the specific information contained in these attachments. Plaintiffs reserve the right to object to Defendants' assertion of a heightened protection designation as to the attachments at issue.

good faith basis for asserting is confidential under the applicable legal standards. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," or "ATTORNEYS' EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

      **2.1.1**   <u>CONFIDENTIAL Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things, including all information taken therefrom, that qualify for protection under Federal Rule of Civil Procedure 26(c).

      **2.1.2**   <u>CONFIDENTIAL HEALTH INFORMATION</u>: The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured member claims information, and other information that the Parties have determined might contain sensitive personal health information ("CONFIDENTIAL HEALTH INFORMATION"). CONFIDENTIAL HEALTH INFORMATION is intended to encompass any individual health information protected by state or federal law, including but not limited to Protected Health Information as defined below and all information taken therefrom. CONFIDENTIAL HEALTH INFORMATION shall be subject to the terms of this Order.

(a)     <u>Protected Health Information</u>. Protected Health Information, as used herein, has the same scope and definition as set forth in 45 C.F.R. § 160.103 and § 164.501. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member, to the extent it is linked to Protected Health Information as defined in 45 C.F.R. § 160.103:

1.     names;

2.     all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

3.     all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

4.     telephone numbers;

5.     fax numbers;

6.     electronic mail addresses;

7.     social security numbers;

8.     medical record numbers;

3

9.      health plan beneficiary numbers;

10.     account numbers;

11.     certificate/license numbers;

12.     vehicle identifiers and serial numbers, including license plate numbers;

13.     device identifiers and serial numbers;

14.     web universal resource locators ("URLs");

15.     internet protocol ("IP") address numbers;

16.     biometric identifiers, including finger and voice prints;

17.     full face photographic images and any comparable images;

18.     any other unique identifying number, characteristic, or code; and

19.     any other information that the producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

(b)     Safeguards for CONFIDENTIAL HEALTH INFORMATION. The Parties also seek to ensure that any person who receives and stores CONFIDENTIAL HEALTH INFORMATION in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any CONFIDENTIAL HEALTH INFORMATION, and to prevent unpermitted use or disclosure of any CONFIDENTIAL HEALTH INFORMATION they may receive from any person in connection with this Proceeding. Use of any information labeled CONFIDENTIAL HEALTH INFORMATION and subject to this Protective Order shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose.  Accordingly, to the extent practicable within the time constraints for producing discovery, the Producing Party should inform the Receiving Party that it will be producing categories of documents that may contain CONFIDENTIAL HEALTH INFORMATION and the nature of that information in advance of the production, so that the Receiving Party can determine whether receipt of that CONFIDENTIAL HEALTH INFORMATION is necessary,

and be prepared to receive it, and so that the Parties can meet and confer to discuss next steps as needed.  This Protective Order is a Qualified Protective Order complying with 45 C.F.R. § 164.512(e)(1)(v)(A) and (B) and authorizing disclosure of protected health information pursuant to 45 C.F.R. § 164.512(e)(1)(iv)(A).

      **2.1.3** <u>ATTORNEYS' EYES ONLY:</u> The parties shall have the right to further designate "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" information or items, including information derived therefrom, as "ATTORNEYS' EYES ONLY."  The list of individuals notified of the data breach by Defendants shall be designated "ATTORNEYS' EYES ONLY." Disclosure of such information shall be limited to the persons designated in paragraphs 4.2.1 - 4.2.2 and 4.2.4 - 4.2.8.

      **2.2 Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" and "ATTORNEYS' EYES ONLY") to each page that contains protected material. For statements made during depositions or proceedings that qualify for protection under this order, the designator shall specify any portion of the transcript that the party or witness contends discloses information protected under this Protective Order and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to make the designation within 28 days from receipt of the transcript for such proceeding or the rough transcript for the deposition.  If a transcript, or portion thereof, containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 8.

      **2.2.1** Parties and non-parties are expected to produce documents in electronic form consistent with the ESI Order that will be entered in this case.  To the extent a party or non-party makes original documents or materials available for inspection, the party or non-party need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. Unless otherwise agreed,

during the inspection and before the designation, all material shall be treated as ATTORNEYS' EYES ONLY, except for any information relating specifically to one or more of the named plaintiffs, which shall be treated as CONFIDENTIAL.  After the inspecting party has identified the documents it wants copied and produced, the producing party must, within 28 days of such identification, designate the documents, or portions thereof, that qualify for protection under this Order.

2.2.2   The use of a document as an exhibit at a deposition shall not in any way affect its designation. And, any specific portions of a Transcript discussing information about a designated document shall automatically take on the designation of the designated document. Transcripts generally containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Prior to the expiration of the period for designation, all deposition and proceeding transcripts for which a party has provided notice of intent to designate shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed. After the sooner of designation or the expiration of the period for designation, the transcript shall be treated only as actually designated.

2.3   **Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order nor does it constitute an admission that information is not confidential. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

3.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

3.1   **Timing of Challenges.**  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

3.2     **Meet and Confer.**  The "Challenging Party" (a Party or Non-Party that challenges the designation of information or items under this Order) shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must identify the confidentiality designation(s) at issue and provide a basis for its challenge, and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3.3     **Judicial Intervention.**  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In

7

addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

4.   **ACCESS TO DESIGNATED MATERIAL**

4.1   **Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

4.2   **Disclosure of CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION only to:

4.2.1   The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

4.2.2   In-house counsel for the parties, and the administrative staff for each in-house counsel;

4.2.3   Any party to this action who is an individual and the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

8

      **4.2.4**   Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

      **4.2.5**   The Court and its personnel;

      **4.2.6**   Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

      **4.2.7**   During their depositions, witnesses in the action to whom disclosure is reasonably necessary who have signed the Agreement to Be Bound (Exhibit A) or who have agreed on the record to be bound by the terms of this Order; and

      **4.2.8**   The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

      **4.2**   This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

      **4.3**   This Protective Order shall not constitute a waiver of any party's or non-party's privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, or other applicable privilege).

      **4.4**   Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

**5.**      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

      **5.1**   **Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2**     **Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION, that party must:

    **5.2.1**   Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

    **5.2.2**   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    **5.2.3**   Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3**     **Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION" or "ATTORNEYS' EYES ONLY" before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6.**     <u>**UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

7.      **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

8.      **FILING UNDER SEAL**

"CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," or "ATTORNEYS' EYES ONLY" information subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleading, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraphs 2.1.1 - 2.1.3 above.  Such sealed portions(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court. Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 1.09. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 1.09 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within 7 days of the denial, or (2) as otherwise instructed by the Court.

11

9.     **FINAL DISPOSITION**

The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.  Upon request of the producing party or third party, within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel.  The party requesting the return of materials shall pay the reasonable costs of responding to its request.  This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

IT IS SO ORDERED.

Dated: _____          _____
                                    Honorable Mary S. Scriven
                                    United States District Court Judge

APPROVED AS TO FORM:

                                    BAKER & HOSTETLER, LLP

Dated: November 29, 2016     By:    */s/ Paul G. Karlsgodt*_____
                                    Paul G. Karlsgodt

                                    *Counsel for Defendants*

12

KELLER ROHRBACK LLP

Dated: November 29, 2016        By:     *Cari C. Laufenberg*
                                        Cari C. Laufenberg


                                        ROBINSON CALCAGNIE, INC.

Dated: November 29, 2016        By:     *Daniel S. Robinson*
                                        Daniel S. Robinson

                                        *Interim Co-Lead Counsel for Plaintiffs*

13

## **ATTESTATION OF FILER**

The undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 29, 2016                                 *Daniel S. Robinson*
                                                          Daniel S. Robinson

## EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____[print

or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court for the

Central District of California on _____ [date] in the case of IN RE: 21ST

CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION, No.

8:16-md-2737-MSS-AEP. I agree to comply with and to be bound by all the terms of this

Protective Order, and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Protective Order to any person or entity

except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Middle District of Florida for the purpose of enforcing this Order, even if such enforcement

proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Florida agent for service of process in connection with this action or any proceedings

related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
　　　　　　　　　[printed name]

Signature: _____
　　　　　　　　[signature]

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2016, I caused to be filed the foregoing STIPULATED PROTECTIVE ORDER.  This document is being filed electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

Dated: November 28, 2016                    */s/ Daniel S. Robinson*
                                            Daniel S. Robinson