**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN RE: 21st CENTURY ONCOLOGY**
**CUSTOMER DATA SECURITY BREACH**
**LITIGATION**

**MDL No. 2737**

**Case No: 8:16-md-2737-MSS-AEP**

**This Document Relates to ALL CASES**

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendants' Motion for

Reconsideration of Court's Order Requiring Production of Notification List, (Dkt. 85), and

Plaintiffs' response in opposition thereto.  (Dkt. 89)  Upon consideration of all relevant

filings, case law, and being otherwise fully advised, the Court **DENIES** Defendants'

motion.

## I.      BACKGROUND

On March 4, 2016, Defendant 21st Century Oncology Holdings, Inc. announced

that on October 3, 2015, an unauthorized third party might have gained access to its

database containing patients' personal information.  As a result of the data breach, the

information of approximately 2.2 million current and former patients may have been

copied and transferred.  Plaintiffs brought eighteen (18) separate putative class action

1

suits against 21st Century Oncology Holdings, Inc. and its subsidiaries (collectively, "Defendants") alleging, among other things, state statutory claims, negligence, and unjust enrichment stemming from the data breach. On October 7, 2016, the Judicial Panel on Multidistrict Litigation transferred the individual actions to this Court for pretrial proceedings. (Dkt. 1)

On November 18, 2016, the Court ordered Defendants to produce, *inter alia*, a complete list of individuals to whom the notice of the subject data breach was sent (hereinafter "Notification List") as a part of their Rule 26(a)(1) initial disclosures. (Dkt. 81) Defendants now move the Court to reconsider this directive contending that reconsideration is necessary to correct clear error or manifest injustice. (Dkt. 85) In particular, Defendants argue that the Notification List is irrelevant to any pre-class certification issue in this case and even if it were relevant, the privacy rights of the non-parties whose identities would be revealed in the production of the Notification List outweigh Plaintiffs' need for production of the same. (Id.)

## II.    LEGAL STANDARD

"Reconsideration of an Order is generally only appropriate to (1) account for an intervening change in controlling law; (2) consider newly available evidence; or (3) correct clear error or prevent manifest injustice." Accredited Home Lenders, Inc. v. Santos, No. 6:10-cv-858-Orl-35, 2010 WL 4642557, *1 (M.D. Fla. July 1, 2010). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002); Strubel ex rel. Strubel v. Hartford Ins. Co. of the Midwest, No. 8:09-CV-01858-T-17, 2010 WL 2985654, at *2 (M.D.

2

Fla. July 26, 2010).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

"In order to demonstrate clear error, the party must do more than simply restate his previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." O'Neill v. Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006); See Z.K. Marine, Inc. v. M/V Archigetis, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992) (stating that a motion for reconsideration "should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]").  "The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." Carter v. Premier Rest. Mgmt., No. 2:06CV212FTM99DNF, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006).[1]

## III.    DISCUSSION

Defendants seek reconsideration of the Court's Order directing Defendants to provide the Notification List to Plaintiffs as part of their initial disclosures.  (Dkt. 85)  A district court has broad discretion under Rule 26 of the Federal Rules of Civil Procedure to compel or deny discovery. Harrison v. Culliver, 746 F.3d 1288, 1297 (11th Cir. 2014) (citing Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011)).  Rule 26 provides that the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

---

[1] The Court has additionally reviewed the arguments *de novo* because of the lack of notice that the issue would be addressed at the hearing.  In either case, the Court reaches the same conclusion.

amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, * 2 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958)). "Relevancy is determined based on the tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401." Hankinson v. R.T.G. Furniture Corp., No. 15-81139-civ-Cohn/Seltzer, 2016 WL 1182768, at *1 (S.D. Fla. Mar. 28, 2016) (internal quotation marks omitted) (quoting Garcia v. Padilla, No. 2:15-cv-735-FtM-29CM, 2016 WL 881143, at *2 (M.D. Fla. Mar. 8, 2016)).

The Court heard arguments on the Plaintiffs' request at a Status Conference held November 16, 2016. (Dkt. 79) There, Defendants objected to the disclosure of the Notification List contending that the disclosure would raise significant privacy issues and would require an additional advance notice to each affected patient, at considerable expense and inconvenience to the Defendants, prior to any determination that class certification is appropriate. Additionally, the Defendants argued that Plaintiffs could use the list as a solicitation tool to find additional Plaintiffs. (Dkt. 83 at 62–63) Considering all relevant facts, including the fact that time is of the essence in this case as many putative members of the proposed class may be terminally ill; the fact that the list was already generated and no additional cost would need to be incurred; and the fact that the

4

Parties intended to stipulate to a proposed protective order that could safeguard against improper disclosure and/or use of the information contained in the Notification List, the Court ordered Defendants to produce the Notification List over the objection. (Dkt. 81) Now, in addition to reasserting the privacy and the improper solicitation arguments, Defendants contend that Plaintiffs lack a proper purpose or need for the Notification List, and therefore seek reconsideration of the Court's Order. (Dkt. 85)

Regarding Plaintiffs' purpose for seeking pre-class certification discovery of putative class members' identities, the U.S. Supreme Court has noted that the identification of class members may be obtained under the discovery rules where the information is relevant to class certification issues under Rule 23, Fed. R. Civ. P. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354 n.20 (1978). However, such discovery is not permitted where the plaintiff seeks to discover the identity of putative class members for the sole purpose of sending notice of the class action. See Drossin v. Nat'l Action Fin. Servs., Inc., No. 07-61873-CIV, 2008 WL 5381815, at *3–4 (S.D. Fla. Dec. 19, 2008) (citing Oppenheimer Fund, Inc., 437 U.S. at 351–53). The threshold question in this case is whether the Plaintiffs' purpose in discovering the Notification List is to solicit new clients or to gain information relevant to a pre-certification issue.

The Court finds that the Notification List is relevant to establishing that potential class members are identifiable, and to proving the numerosity, commonality, and typicality requirements in Plaintiffs' forthcoming Rule 23 motion. The Notification List is also relevant to the extent that it will shed light on whether putative class members' potential claims will implicate various state laws, information that will be helpful to Plaintiffs in drafting a Consolidated Complaint. Additionally, the Court notes that Defendants'

5

disclosure of the Notification List in this case would not be burdensome.  Unlike cases in which the producing party is tasked with conducting a time-consuming and expensive investigation of who must be included in a disclosure of putative class members, here, because Defendants have already sent the notices to affected individuals, Defendants have already compiled the Notification List.

Defendants' privacy argument and suggestion that pre-disclosure notification would need to be sent to the entire list were the concerns that piqued the Court's interest in the oral argument on this issue and prompted the Court to permit further briefing on the issue.  However, the Court finds that these concerns have been adequately addressed by the Parties' Stipulated Protective Order restricting the use and disclosure of the Notification List.  (Dkt. 88)  Under the Health Insurance Portability and Accountability Act ("HIPAA"), a person's protected health information, which includes an individual's name, may be disclosed pursuant to a discovery request in a judicial proceeding when there is in place a qualified protective order that:

(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. § 164.512(e)(1)(v)(A) and (B).  Here, the Parties' Stipulated Protective Order contains both of the above HIPAA requirements.  (Dkt. 88 at 4) ("Use of any information labeled CONFIDENTIAL HEALTH INFORMATION and subject to this Protective Order shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose."); (Id. at 12) ("Upon request of the producing party or third party,

within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material.")  Indeed, the Parties stipulate that the Stipulated Protective Order is HIPAA-compliant.  (Id.)  ("This Protective Order is a Qualified Protective Order complying with 45 C.F.R. § 164.512(e)(1)(v)(A) and (B) and authorizing disclosure of protected health information pursuant to 45 C.F.R. § 164.512(e)(1)(iv)(A)")  Furthermore, the Stipulated Protective Order limits disclosure of the Notification List by preemptively designating the Notification List as "ATTORNEYS' EYES ONLY."  (Id. at 5)  As such, the Court finds that the privacy interests of the notice recipients are adequately protected and no advance notification of the intended disclosure of the Notification List is required.

Upon consideration of the foregoing, the Court does not find sufficient reason to disturb its decision requiring disclosure of the Notification List and therefore **DENIES** Defendants' Motion for Reconsideration.  (Dkt. 85)  The Court, however, clarifies its Order such that for each notice recipient on the Notification List, Defendants shall be required to disclose only (1) the recipient's full name, (2) the recipient's geographic location by state, and (3) if known, the type of information, personally identifiable information and/or protected health information, released as a result of the data breach.  To the extent that this information is already contained in Defendants' other required disclosures, such as Defendants' forensic report, Defendants are not required to reproduce the information in the Notification List.  Moreover, Defendants may elect to produce the full Notification List in its original or unredacted form to avoid the cost and expense of redacting information

not specifically required by this Order.  In either event, the Notification List will be

protected by the Court's previously entered Protective Order.

      **DONE** and **ORDERED** in Tampa, Florida, this 8th day of December, 2016.

 

_____

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Person