**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 2737<br><br>Case No.: 8:16-md-2737-MSS-AEP<br><br>This Document Relates to All Cases |

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f), Local Rule 3.05(c), and the Court's November 18, 2016 Order (Dkt. No. 81):

| Event | Proposed Date |
|---|---|
| Rule 26(a) initial disclosures | 12/8/16 commence<br>12/19/16 completion |
| Proposed ESI Protocol | 12/16/16 |
| Proposed Restricted Confidential Protective Order | 12/16/16 |
| Consolidated Complaint | 1/17/17 |
| Answer or Motion to Dismiss | 2/16/17 |
| Deadline for Plaintiffs to Respond to any Motion to Dismiss | 3/20/17 |
| Hearing on Motion to Dismiss | If oral argument is requested and granted by the Court, at such time designated by the Court during the week of 5/9/17 to 5/12/17 |
| Deadline to file motions to add parties or to amend pleadings | 30 days after the earlier of Defendants' Answer or the entry of an order on Defendants' Motion to Dismiss (6/12/17) |

| Event | Proposed Date |
|---|---|
| Deadline for Plaintiffs to file Motion for Class Certification | 180 days after a ruling on the Motion to Dismiss (11/8/17) |
| Deadline for Defendants to file Opposition to Motion for Class Certification | 30 days after deadline for filing of Motion for Class Certification (12/8/17) |
| Hearing on Motions for Class Certification | If oral argument is requested and granted by the Court, at such time designated by the Court (1/8/18) |
| Mediation Deadline | (2/16/18) |
| Disclosure of Plaintiffs' expert reports | 9 months before trial (5/25/18) |
| Disclosure of Defendants' expert reports | 8 months before trial (6/26/18) |
| Disclosure of Plaintiffs' rebuttal expert reports | 7.5 months before trial 7/10/18 |
| Close of expert discovery | 7 months before trial (7/25/18) |
| *Daubert* Motions | 6 months before trial (8/27/18) |
| Close of Fact Discovery | 6 months before trial (8/27/18) |
| Dispositive Motions | 5 months before trial (9/25/18) |
| Hearing on dispositive motions | Plaintiffs Position: If oral argument is requested and granted by the Court, at such time designated by the Court |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | 10 days before Joint Final Pretrial Statement deadline (1/4/19) |
| Joint Final Pretrial Statement deadline (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, *Voir Dire* Questions, Witness Lists, Exhibit Lists with Objections on Approved Form | 6 weeks before trial (1/14/19) |

| Event | Proposed Date |
|---|---|
| All Other Motions including Motions *In Limine* and any motions to remand | 1 week before Final Pre-trial Conference (1/18/19) |
| Final Pretrial Conference | If needed, 4 weeks before trial (1/28/19) |
| Trial Briefs and Deposition Transcripts | 2 weeks before trial (2/11/19) |
| Trial by Jury | 2/25/19, or when the Court deems appropriate |

## I. Conference of the Parties

Pursuant to the Court's November 18, 2016 Order (Dkt. No. 81), lead counsel for the Plaintiffs and counsel for the Defendants conferred regarding this joint proposed Case Management Report on December 6, 2016, 4:30 p.m. ET and the parties were represented by:

| Name | Counsel for (if applicable) |
|---|---|
| Cari Campen Laufenberg | Co-Lead Counsel for Plaintiffs |
| Daniel S. Robinson | Co-Lead Counsel for Plaintiffs |
| Casie D. Collignon/Paul G. Karlsgodt | Counsel for Defendants |

## II. Brief Description of the Case

As alleged by Plaintiffs in their complaints, on March 4, 2016, 21st Century Oncology, Inc. and its affiliates, subsidiaries and related companies (collectively, "21st Century Oncology" or "Defendants") announced that their data systems had been breached, compromising the sensitive personal information—including Social Security numbers and highly confidential medical data—of approximately 2.2 million patients (the "Alleged Data Breach"). The FBI notified 21st Century Oncology of the Alleged Data Breach in November

2015, approximately one month after the Alleged Data Breach occurred. Defendants dispute that an actual compromise of any of Plaintiffs' sensitive personal information has occurred and that any of the Plaintiffs has suffered actual harm as a result of the Alleged Data Breach.

Beginning in March 2016, Plaintiffs filed the transferred actions against 21st Century Oncology alleging that Defendants failed to reasonably safeguard patients' personally identifiable information ("PII") and provide timely and adequate notice of the Alleged Data Breach. Plaintiffs' complaints assert various common law and state claims, including negligence, unjust enrichment, and violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.*, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

Critical factual issues in this litigation will include:

- The extent of 21st Century Oncology's knowledge of the risk of a data breach;

- The adequacy of 21st Century Oncology's data security practices and protocols before, during and after the Alleged Data Breach;

- Whether 21st Century Oncology complied with data security industry regulations;

- The nature and extent of the sensitive PII accessed, disclosed, or exfiltrated, including whether the information was confidential; and

- Whether the plaintiffs or any putative class members have suffered any actual harm as a result of the incident.

Critical legal issues present in this litigation will include:

- Whether 21st Century Oncology owed a duty to its patients or affiliates to safeguard patients' PII under 21st Century Oncology's control;

- Whether 21st Century Oncology breached a legal duty to protect its patients' sensitive PII;

- Whether 21st Century Oncology, its affiliates or subsidiaries breached a legal duty to protect patients' sensitive PII;

- Whether 21st Century Oncology's data security practices and procedures were reasonable;

- Whether the Alleged Data Breach was foreseeable;

- Whether 21st Century Oncology timely and adequately informed its patients of the Alleged Data Breach;

- Whether Plaintiffs' allegations state claims for which relief may be granted under Rule 12, including whether any given plaintiff has suffered any injury or damages caused by any of the conduct alleged against the Defendants;

- Whether a national class and/or state classes can be certified under Rule 23;

- Whether 21st Century Oncology violated the data breach statutes of various states;

- Whether 21st Century Oncology violated the consumer protection statutes of various states;

- Whether 21st Century Oncology violated Florida State common law;

- Whether Plaintiffs have Article III standing;

- Whether Plaintiffs have suffered harm that is legally cognizable;
- Whether Plaintiffs are entitled to actual damages and/or statutory damages; and
- Whether Plaintiffs are entitled to declaratory, injunctive, or other equitable relief.

Pursuant to the Court's November 18, 2016 Order (Dkt. No. 81), counsel for the Defendants filed a motion for reconsideration of the Court's Order directing production of the list of all persons notified of the data breach on November 23, 2016. Counsel for Plaintiffs filed a response to that motion on November 30, 2016.

### III.   Pre-Discovery Initial Disclosures of Core Information

The parties agree to commence exchanging information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) by December 8, 2016 and to complete this exchange of information by December 19, 2016.

Pursuant to the Court's November 18, 2016 Order (Dkt. No. 81), the parties' initial disclosures shall include the items listed in that Order.

Additionally, Defendants represent that they have voluntarily agreed to produce, as part of their Initial Disclosures, the following:

a. Upon receipt of a HIPAA release that has already been negotiated among counsel, consents, releases, authorizations, and acknowledgments executed by each named Plaintiff that can be located in Defendants' records;

b. Experian Information Solutions, Inc., Data Security Incident Form Letter;

c. Experian Information Solutions, Inc., ProtectMyID Alert Bulletin, describing the product offered in the Incident Form letter;

d. Summary Description of Benefits for the Experian Identity Theft Coverage describing the $1 Million Identity Theft Insurance Coverage, describing the insurance policy offered in the Incident Form letter;

e. Defendants' internal log files (redacted) summarizing communications Defendants received from individuals in relation to the data incident, so that Plaintiffs may ascertain the number of claims of financial loss stemming from the subject data breach of which Defendant is aware, whether such claims were received formally or informally, or directly or indirectly or whether the claims were specific or general, notwithstanding Defendant's impression of the merits of any such claims;

f. Epiq Systems, Inc.'s (the customer service company) log files (redacted) summarizing communications Epiq received from individuals in relation to the data incident, so that Plaintiffs may ascertain the number of claims of financial loss stemming from the subject data breach of which Defendant is aware, whether such claims were received formally or informally, or directly or indirectly or whether the claims were specific or general, notwithstanding Defendant's impression of the merits of any such claims;

g. Documents, including (redacted) letters, related to claims from individuals alleging their information had been used without their authorization; and

h. Emails from Experian Information Solutions, Inc., identifying the number of AIG insurance claims (to date there have been zero insurance claims made or paid) related to the data incident.

## IV. Electronic Discovery

On November 21, 2016, Defendants informed Plaintiffs' counsel that Experian Information Solutions, Inc., Defendants' vendor for its offer of credit monitoring and fraud resolution services to putative class members, was unwilling to provide Defendants with its contacts and communications with putative class members absent a subpoena. On November 23, 2016, Plaintiffs personally served a subpoena on Experian Information Solutions, Inc. seeking "[a]ny and all claims made by, or communications to or from, 21st Century Oncology patients and consumers concerning or relating to the March 2016 21st Century Oncology data breach, including but not limited to reports or claims of any suspected identity theft or fraudulent credit activity they may have received." Plaintiffs' counsel are meeting and conferring with Experian regarding this production.

On December 2, 2016, Plaintiffs issued an identical first set of 112 Rule 34 requests for production on each defendant pursuant to amended Rule 26(d)(2) ("Requests"). Plaintiffs contend that the Requests are deemed served on December 6, 2016, the date of the Parties' Rule 26(f) conference. Defendants interpreted the comments made by the Court during the status conference and the following Order to mean that formal discovery initially would be limited to the items specifically addressed and ordered by the Court, that the Court would decide at the next status conference the extent to which additional discovery could proceed, and that no formal motion to stay discovery is necessary at this time. *See also, e.g.,* November 18, 2016 Order at Paragraph 5 ("In the event that Defendant files a motion to dismiss Plaintiffs'' Consolidated Complaint, the Court will determine whether and in what

manner discovery shall proceed during the pendency of the motion."). Plaintiffs disagree with that interpretation, but Plaintiffs have informed Defendants that, as a professional courtesy, they will extend Defendants' deadline to respond to the Requests until 30 days after the Court communicates to the parties its views on whether a stay would be appropriate in this MDL.

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that one or more of the parties anticipate the disclosure or discovery of ESI in this case.

The parties have discussed:

A. The form or forms in which ESI should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

    F.     Any issues relating to preservation of discoverable ESI.

    G.     Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. In this regard, the parties filed their proposed protective order on November 29, 2016 (Dkt. No. 88).

    H.     Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Although there are several issues the parties are actively meeting and conferring on, the parties have been unable to reach agreement on the following issue:

    A. Whether Plaintiffs' First Set of Requests for Production are properly served pending the Court's ruling on Defendants' motion to dismiss and/or whether Defendants need to file a motion to stay discovery pending the Court's ruling on Defendants' motion to dismiss. The parties met and conferred re Plaintiffs' Requests on December 6, 2016, and submit the following position statements:

        1.    <u>Defendants' Position</u>: Defendants interpreted the comments made by the Court during the status conference and in the November 18, 2016 Order to mean that formal discovery initially is limited to the items specifically addressed and ordered by the Court, and those items that could reasonably flow from the items addressed by the Court. In fact, Defendants voluntarily agreed to produce additional

information not ordered by the Court because they were trying to comply with the spirit of the Court's Order, which they believed was tailored toward the objectives of allowing the Plaintiffs to fairly draft an Amended Consolidated Complaint and to allow the fair resolution of Defendants' anticipated Motion to Dismiss. Defendants believed that the Court would decide at the next status conference the extent to which additional discovery could proceed, and that no formal motion to stay discovery is necessary at this time. *See, e.g.,* November 18, 2016 Order at Paragraph 5 ("In the event that Defendant files a motion to dismiss Plaintiffs'' Consolidated Complaint, the Court will determine whether and in what manner discovery shall proceed during the pendency of the motion.").

2. <u>Plaintiffs' Position</u>:  Plaintiffs respond that Plaintiffs are obviously willing to meet and confer on the scope of the Requests propounded, but that discovery should not be stayed because responsive documents will help inform the master complaint and move the litigation forward consistent with the expedited discovery schedule outlined above.  Plaintiffs further respond that the purpose of the large number of initial Requests was simply to ensure Defendants' custodial review was conducted thoroughly at the outset of the litigation to avoid duplicative depositions and

>> minimize the need for re-review of Defendants' custodians. Additionally, Plaintiffs assert that the Requests issued were ones propounded at the beginning of other data breach cases, and that allowing full document production to proceed is in the best interests of the susceptible and largely elderly putative class.
>
> 3. Although the parties will continue to meet and confer on the issue, they request the Court's guidance at the next status conference date as to whether discovery will be stayed.  As a professional courtesy, Plaintiffs have agreed to postpone Defendants' deadline to respond to the Requests until 30 days after the dispute is resolved by the Court.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

  **X**  One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

  ___ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**V.     Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.     Certificate of Interested Persons and Corporate Disclosure Statement —**

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current.

    **B.     Discovery Not Filed —**

The parties will not file discovery materials with the Clerk except as provided in Local Rule 3.03 and agree to will exchange discovery requests electronically.

    **C.     Limits on Discovery —**

In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

        **1.     Depositions**

Plaintiffs believe that there is a need in this case to exceed the default deposition limit of ten depositions per side. Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A). Plaintiffs also believe that some depositions may warrant exceeding one day of seven hours. Fed. R. Civ. P. 30(d)(2). Defendants do not believe that discovery will exceed the limitations imposed by the federal rules.

        **2.     Interrogatories**

Plaintiffs believe that there is a need in this case to exceed the default interrogatory limit of twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Defendants do not believe that discovery will exceed the limitations imposed by the federal rules.

**D.     Discovery Deadline —**

The parties agree to timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.

**E.     Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.

**F.     Confidentiality Agreements —**

The parties have reached agreement regarding the designation of materials as "confidential," and as "attorneys eyes only" as stated their proposed protective order filed on November 29, 2016 (Dkt. Nos. 88 and 90). The parties agree that a party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support, and obtain an order granting leave to file under seal on a showing of particularized need.

**VI.    Settlement and Alternative Dispute Resolution.**

**A.     Settlement —**

The parties agree that settlement is

_____ likely _____ unlikely (check one)

Plaintiffs believe that settlement is likely. Due to the procedural posture of this case, Defendants believe that settlement and the selection of a mediator is premature at this time.

However, Defendants would be willing to reconsider settlement prospects once this case has progressed further.

The parties request a settlement conference before a United States Magistrate Judge.

yes _____ no _____ likely to request in future  X  .

**B.     Arbitration —**

Do the parties agree to arbitrate?

yes _____ no  X   likely to agree in future _____

_____ Binding        _____ Non-Binding

**C.     Mediation —**

The Parties are willing to consider the following mediator: Rodney A. Max, Upchurch Watson White & Max Mediation Group, Biscayne Building, 19 West Flagler Street, Suite 420, Miami, FL 33130; Telephone: (305) 266-1224; Facsimile: (305) 640-8447; E-mail: rmax@uww-adr.com. Unless the Court directs otherwise, the parties will reach out to Mr. Max to discuss his retention and availability for this case.

**D.     Other Alternative Dispute Resolution —**

The parties do not intend to pursue other methods of alternative dispute resolution.

**VII.   Plaintiffs' Counsels' Proposed Fee and Reimbursement Plan**

Interim Co-Lead Counsel have disseminated comprehensive time and expense billing protocols and reporting forms to all members of the class counsel team. The time and expense billing protocols require, inter alia, that all work performed and expenses incurred after November 16, 2016 must be assigned or authorized in advance by Interim Co-Lead Counsel, use of the foregoing schedule of hourly rates, detailed contemporaneous time

keeping, limitations on all categories of expenses for which reimbursement may be sought, including coach airfare, hotel, meals and incidental expenses based on the GSA's Federal Travel Regulations, and monthly reporting of time and expenses using standardized forms.

Should the Court choose to conduct a lodestar crosscheck, or if this litigation is resolved on some basis other than a standard common fund, Interim Co-Lead Counsel have adopted the following schedule of hourly rates to be utilized by all members of the class counsel team who perform authorized work in this litigation:

> Partners        Standard hourly rate not to exceed $675.00
>
> Of Counsel      Standard hourly rate not to exceed $500.00
>
> Associates      Standard hourly rate not to exceed $400.00
>
> Paralegals      Standard hourly rate not to exceed $175.00

## VIII. Status Conference Date

The parties jointly request that the Court set a status conference at 9:00 a.m. on Thursday, February 9, 2016, or at another date or time thereafter that is convenient for the Court.

///

///

///

///

///

///

///

**IX. Trial Date**

Plaintiffs have requested a jury trial for all issues and damages so triable for February 25, 2019. The parties estimate such trial will take 14-21 days.

Dated: December 8, 2016

Respectfully submitted,

By: */s/* Daniel S. Robinson
    Cari Campen Laufenberg
    **KELLER ROHRBACK L.L.P.**
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Tel: (206) 623-1900
    Fax: (206) 623-3384
    claufenberg@kellerrohrback.com

    Daniel S. Robinson
    **ROBINSON CALCAGNIE, INC.**
    19 Corporate Plaza Drive
    Newport Beach, CA 92660
    Tel: (949) 720-1288
    Fax: (949) 720-1292
    drobinson@robinsonfirm.com

    *Interim Co-Lead Counsel for Plaintiffs*

By: */s/* Casie D. Collignon
    Casie D. Collignon
    Paul G. Karlsgodt
    Zachariah J. DeMeola
    **BAKER HOSTETLER LLP**
    1801 California Street, Suite 4400
    Denver, CO 80202-2662
    Tel: (303) 764-4037
    Fax: (303) 861-7805
    ccollignon@bakerlaw.com
    pkarlsgodt@bakerlaw.com
    zdemeola@bakerlaw.com

    Jerry R. Linscott
    Florida Bar No. 148009
    **BAKER HOSTETLER LLP**
    200 South Orange Ave., Suite 2300
    Orlando, FL 32801-3432
    Tel: (407) 649-4000
    Fax: (407) 841-0168
    jlinscott@bakerlaw.com

    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which sends notice of electronic filing to all counsel of record.

By: */s/* Daniel S. Robinson_____
    Daniel S. Robinson
