UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 8:16-md-2737-MSS-AEP<br><br>MDL No. 2737 |
| This Document Relates to All Cases | |

**<u>PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT ADDITIONAL
DISCOVERY AND MEMORANDUM IN SUPPORT</u>**

# TABLE OF CONTENTS

I.   INTRODUCTION ...........................................................................................1

II.  STATEMENT OF FACTS ..............................................................................2

   A.   The Court Granted Plaintiffs' Request To Move for Additional Discovery in Order To Respond To Defendants' Motion To Dismiss....................................2

   B.   21st Century's Motion To Dismiss Contains Fact-Based Challenges To the Consolidated Complaint, Contrary To Defendants' Representations...............3

   C.   ███████████████████████████████████████████████████████████
        ████████████████████████████.............................................4

III. ARGUMENT ..................................................................................................6

   A.   Where, as Here, a Motion To Dismiss Is Based in Part on a Factual Challenge To the Complaint, Discovery Is Warranted To Enable Plaintiffs To Respond .6

   B.   ███████████████████████████████████████████████████████████
        ████████████████████████████.............................................7

   C.   ███████████████████████████████████████████████████████████
        ████████████████████████████.............................................8

   D.   Defendants Should Be Ordered To Produce the Following Categories of Documents To Enable Plaintiffs To Respond To the Motion To Dismiss ........9

        1.   ███████████████████████████████████████████████████
             ██████████████████████████.............................................9

        2.   ███████████████████████████████████████████████████
             ██████████████████████████.............................................10

        3.   Documents and Information Regarding the Benefits to 21st Century of Electronically Storing Patients' Health Information............................10

   E.   Plaintiffs Request that the Briefing Schedule for the Motion To Dismiss Be Altered To Allow for the Requested Discovery ..............................................11

   F.   Plaintiffs Separately Request That the Parties Be Ordered During the Pendency of the Motion To Dismiss To Confer Regarding the Identification of Custodians and Locations of ESI for Complete Document Production ..........11

| | | |
|---|---|---|
| IV. | CONCLUSION | 12 |
| V. | LOCAL RULE 3.01(G) CERTIFICATION | 13 |

**MOTION**

Pursuant to the Court's Order dated February 10, 2017, ECF No. 115, Plaintiffs hereby move the Court for an Order granting leave to conduct additional discovery during the pendency of 21st Century Oncology Investments, LLC and 21st Century Oncology of California's (collectively, "21st Century" or "Defendants") Motion to Dismiss Plaintiffs' Consolidated Complaint, ECF No. 116 ("Motion to Dismiss"). Plaintiffs move the Court to order: (i) Defendants to produce specified categories of documents and information; (ii) Defendants to prepare for full fact discovery during the pendency of the Motion to Dismiss; and (iii) an extension of the deadline for Plaintiffs to respond to the Motion To Dismiss until April 21, 2017.

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Defendants' Motion To Dismiss contains numerous factual challenges and requires additional discovery for Plaintiffs to fully and adequately respond to these challenges. Many of these challenges are based in whole or in part on deficiencies and inadequacies inherent in the investigative report prepared for 21st Century. Other challenges similarly go beyond the allegations in the Consolidated Class Action Complaint, ECF No. 100 ("Complaint") and relate to documents and information that are in 21st Century's exclusive custody and control. 21st Century should not be allowed to challenge the Complaint on the basis of documents and information to which it has exclusive access, and for this reason Plaintiffs should be granted leave to take additional discovery as to specific categories of documents in order to respond to the Motion To Dismiss. Moreover, although full fact discovery has been stayed

pending resolution of the Motion To Dismiss, Defendants should be ordered to prepare for full fact discovery during this time, such that there are no delays in the production of documents if and when full fact discovery begins.

## II. STATEMENT OF FACTS

### A. The Court Granted Plaintiffs' Request To Move for Additional Discovery in Order To Respond To Defendants' Motion To Dismiss

By Order dated February 10, 2017, the Court granted Plaintiffs' request to file a motion for leave to conduct additional discovery. ECF No. 115 at 2. During the discussion of this motion at the February 8, 2017 status conference, the Court specified that purpose of this motion would be to "articulate a basis for the need for this additional discovery," to put forth arguments regarding the inadequacies of the investigative report prepared by 21st Century and its vendor, and to specify the categories of discovery requested. Transcript of February 8, 2017 Status Conference ("Transcript") at 21.

After 21st Century's Motion To Dismiss was filed, Plaintiffs requested that Defendants produce additional categories of discovery in order to respond to the Motion To Dismiss, and counsel for the parties met and conferred regarding these discovery requests. The parties have made significant progress negotiating these requests, and were optimistic that these negotiations would lead to a resolution without a motion for leave to conduct additional discovery. However, negotiations regarding these discovery requests are ongoing and require client and other third party communications, and as such the parties have not yet been able to reach agreement as to these negotiations. For this reason, the parties filed a Stipulation To Extend Case Deadlines ("Stipulation") on March 1, 2017, which set forth the parties' proposed deadlines for moving for leave to conduct additional discovery, responding

to any such motion, and responding to the Motion To Dismiss. ECF No. 121. Although the Court has not yet ruled on this Stipulation, should the Court subsequently enter this Stipulation, Plaintiffs would agree to the Court striking this Motion for Leave To Conduct Additional Discovery ("Motion") without prejudice.

**B.      21st Century's Motion To Dismiss Contains Fact-Based Challenges To the Consolidated Complaint, Contrary To Defendants' Representations**

At the February 8, 2017 status conference, counsel for 21st Century represented that Defendants would be making facial rather than factual challenges to Plaintiffs' Complaint. Transcript at 18-19. Specifically, counsel for 21st Century stated that its challenges would include a "lack of Article 3 standing," a Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motion based on causation grounds, and the assertion that Plaintiffs failed to meet individual elements of each of the causes of action. *Id.* In contrast, 21st Century's Motion to Dismiss contains numerous factual challenges to Plaintiffs' Complaint.  ECF No. 116.

For instance, 21st Century argues that Plaintiffs failed to plead "facts that, if true, would support the reasonable inference that a viewing [of Plaintiffs' confidential medical information] occurred." Motion to Dismiss ("MTD") at 19. Similarly, 21st Century argues that "the documents referenced in the Complaint do not support" the allegation that "the data fields containing 'Protected Health Information' in the FBI files could be linked to any specific patient, let alone any named Plaintiff." MTD at 2. Further, 21st Century argues that it has "no evidence that [any Plaintiff's] medical record was accessed" and "no indication that [any Plaintiff's] information has been misused in any way." MTD at 3 (internal quotation marks omitted). Likewise, 21st Century argues that Plaintiffs' unjust enrichment

3

claim "is deficient because Plaintiffs do not allege they conferred any benefit on 21st Century other than payments for medical services owed pursuant to an express contract." MTD at 1-2.

These and other challenges contained in 21st Century's Motion to Dismiss go beyond the allegations contained in the Complaint, attacking the factual foundations upon which Plaintiffs' allegations are based. Moreover, the documents and information required to refute such challenges lie within Defendants' custody and control, and therefore discovery of such documents and information is required for Plaintiffs to fully refute such challenges.

**C.** ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████



[REDACTED]

## III. ARGUMENT

**A. Where, as Here, a Motion To Dismiss Is Based in Part on a Factual Challenge To the Complaint, Discovery Is Warranted To Enable Plaintiffs To Respond**

District courts have the power to control their dockets and manage their cases. *The Andersons, Inc. v. Enviro Granulation, LLC,* No. 8:13–cv–3004–T–33MAP, 2014 WL 4059886, at * 2 (M.D.Fla. Aug. 14, 2014). The decision to stay discovery in a case necessarily involves weighing the parties' interests. *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC,* No. 08–80611–CV, 2012 WL 602709, at * 2 (S.D. Fla. Feb. 23, 2012).

In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir.1997), a seminal 11th Circuit case staying discovery pending a ruling on a motion to dismiss, the Eleventh Circuit vacated the district court's orders compelling discovery on defendants because the district court had failed to rule on defendants' motion to dismiss for more than a year, and directed that the case be reassigned to a different judge. *Id.* at 1374. However, *Chadsuma* does not stand for the proposition that all discovery should be stayed pending a decision on a motion to dismiss. "Instead, *Chadsuma* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue

discovery costs mount.'" *Schreiber v. Kite King's Lake, LLC.*, 2010 WL 3909717 * 1 (M.D. Fla. Oct.1, 2010); *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887 * 1 (M.D. Fla. June 28, 2007); *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307 * 2 (M.D. Fla. Aug. 19, 2009).

Here, Plaintiffs' request a lifting of the discovery stay for the purpose of narrowly tailored discovery aimed at further evaluating the Investigative Report and responding to factual Motion to Dismiss arguments. The limited discovery will not delay the hearing on the Motion To Dismiss under the proposed briefing schedule submitted by the parties on March 1, 2017, ECF No. 121, or any other deadlines set forth in the Court's Case Management and Scheduling Order, ECF No. 97. Further, the proposed schedule will allow Plaintiffs to incorporate produced documents into both their response to 21st Century's Motion to Dismiss and their discussions with Defendants concerning identification of relevant ESI custodians. In addition, the proposed discovery fits within the categories specified by the Court at the February 8, 2017 Status Conference—discovery to address deficiencies with the investigatory report and discovery to address factual challenges in 21st Century's Motion to Dismiss.

**B.** ████████████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



C.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**D. Defendants Should Be Ordered To Produce the Following Categories of Documents To Enable Plaintiffs To Respond To the Motion To Dismiss**

If Plaintiffs' Motion for Leave To Conduct Additional Discovery ("Motion for Leave") is granted, Defendants should be ordered to produce the following categories of documents and information by March 20, 2017.

1. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇

**2.** 

### 3. Documents and Information Regarding the Benefits to 21st Century of Electronically Storing Patients' Health Information

The Health Information Technology for Economic and Clinical Health ("HITECH") Act, enacted as part of ARRA, promotes the adoption and meaningful use of health information technology. The HITECH Act provides lucrative financial incentives, and the avoidance of penalties, to healthcare entities such as 21st Century for demonstrating the meaningful use, interoperability, and security of electronic health information. Plaintiffs have plead that 21st Century received millions of dollars in incentive payments by obtaining

and storing Plaintiffs' electronic medical information. Complaint ¶¶ 147-149. In the Motion to Dismiss, 21st Century factually challenges those allegations, arguing that Plaintiffs' unjust enrichment claim "is deficient because Plaintiffs do not allege they conferred any benefit on 21st Century other than payments for medical services owed pursuant to an express contract." MTD at 1-2.

Plaintiffs therefore request all documents and information regarding the reasons for and benefits obtained by 21st Century by collecting and storing Plaintiffs' and putative Class members' PII/PHI. This request includes, but is not limited to:

    i.    documents and information referencing the American Recovery and Reinvestment Act ("ARRA") as well as the Medicare and Medicaid Electronic Health Records Incentive Program.

**E.**     **Plaintiffs Request that the Briefing Schedule for the Motion To Dismiss Be Altered To Allow for the Requested Discovery**

If Plaintiffs' Motion for Leave is granted, and 21st Century is ordered to produce specified categories of documents by March 20, 2017, Plaintiffs request that their deadline to respond to Defendants' Motion to Dismiss be extended to April 21, 2017. This extension will enable Plaintiffs to review and integrate the requested documents into their response.

**F.**     **Plaintiffs Separately Request That the Parties Be Ordered During the Pendency of the Motion To Dismiss To Confer Regarding the Identification of Custodians and Locations of ESI for Complete Document Production**

Separate and apart from the relief requested above, Plaintiffs also request that the Court Order Defendants take the following specific steps to prepare for full fact discovery during the pendency of the Motion to Dismiss:

i.  Identify document custodians and complete custodial review preliminary to production of documents identified in requests for production ("RFPs") propounded December 2, 2016;

ii. Meet and confer with Plaintiffs regarding search terms to be used in collection of electronic documents;

iii. Identify non-custodial document sources, including but not limited to shared network locations, intranets, SharePoint, document management systems, and third party data solutions;

iv. Identify inaccessible sources, including but not limited to backup data containing information not available in an assessable format, decommissioned systems with responsive information, and custodial archives of responsive past employees; and

v. Make available one or more 30(b)(6) witnesses to be deposed regarding Defendants' network infrastructure, information databases, electronic document storage and backups, and related matters.

## IV. CONCLUSION

For the reasons set for above, Plaintiffs respectfully request that their Motion for Leave to Conduct Additional Discovery be granted, and that the Court enter an Order granting the following relief:

1. That Plaintiffs be granted leave to conduct the requested additional discovery;
2. That Defendants be required to produce the categories of documents described above in Section III.D by March 20, 2017;

3. That Plaintiffs' deadline for responding to Defendants' Motion to Dismiss be moved to April 21, 2017; and

4. That Defendants be required to take the steps described above in Section III.F so as to prepare for full fact discovery during the pendency of the Motion to Dismiss.

## V. LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), Cari Laufenberg, co-lead counsel representing Plaintiffs, certifies that she conferred with counsel representing Defendants on March 1, 2017, and that Defendants presently oppose Plaintiffs' demands for the entirety of relief sought in this motion. The parties will continue to meet and confer in an effort to resolve areas of dispute.

Dated: March 2, 2017

Respectfully submitted,

By: */s/ Daniel S. Robinson*
Daniel S. Robinson
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292
drobinson@robinsonfirm.com

By: */s/ Cari Campen Laufenberg*
Cari Campen Laufenberg
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
claufenberg@kellerrohrback.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2017, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which send notice of electronic filing to all counsel of record.

By: */s/ Daniel S. Robinson*
      Daniel S. Robinson