## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION | Case No: 8:16-md-2737-MSS-AEP<br><br>MDL No. 2737 |
| This Document Relates to All Cases | |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES AND COSTS

**WHEREAS**, the Parties to the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with a Class Action Settlement Agreement and Release (the "Settlement or Settlement Agreement") entered into by the Parties as of August 12, 2020 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action upon the terms and conditions set forth in the Settlement Agreement;

**WHEREAS**, the Court has jurisdiction over this litigation, Plaintiffs, 21st Century, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement.

**WHEREAS,** all defined terms used in this Order have the same meanings as set forth in the Settlement, with the definition of "Claims Deadline" expanded to include all claims received by the Settlement Administrator up to and including June 15, 2021;

**WHEREAS**, Class Counsel have conducted an extensive investigation into the facts and law relating to the matters alleged in the Action;

**WHEREAS**, the Parties reached a settlement as a result of extensive arms' length negotiations between the Parties and their counsel, occurring over the course of more than two years and three separate, in-person mediation sessions with respected mediators; and

**WHEREAS**, the Court has carefully reviewed the Settlement Agreement, including the exhibits attached thereto and all files, records, and prior proceedings to date in this matter, and good cause appearing based on the record;

**WHEREAS,** on November 2, 2020, the Court entered an Order Granting Preliminary Approval of Class Action Settlement, which, *inter alia*: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class defined as "All persons to whom 21st Century sent notification that their personally identifiable information and/or protected health information may have been disclosed in the Data Breach (as defined in Plaintiffs' Amended Consolidated Class Action Complaint, ECF No. 191), excluding (1) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; (2) the Defendants, any entity in which the Defendants have a controlling interest, and the Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; (3) any individual

who timely and validly requests to be excluded from the Settlement Class; and (4) the successors or assigns of any such excluded Persons," (the "Settlement Class"); (iii) appointed Plaintiffs[1] as Class Representatives; (iv) appointed Cari Campen Laufenberg, of Keller Rohrback L.L.P., and Daniel S. Robinson, of Robinson Calcagnie, Inc., as Class Counsel; (v) approved the forms and manner of notice of the Settlement to members of the Settlement Class ("Settlement Class Members"); (vi) directed that appropriate notice of the Settlement be given to the Settlement Class; and (vii) set a hearing date to consider final approval of the Settlement;

**WHEREAS**, a notice of the Settlement was provided to Settlement Class Members in accordance with the Court's Order Granting Preliminary Approval of Class Action Settlement, including by individual mailed Notice to all Class Members;

**WHEREAS**, a notice of Settlement was mailed to government officials as described in 28 U.S.C. § 1715;

**WHEREAS**, on June 15, 2021, at 9:30 a.m., at the United States District Court for the Middle District of Florida, United States Courthouse, 801 North Florida Avenue, Courtroom 7A, Tampa, FL 33602, the Honorable Mary S. Scriven held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Class ("Final Fairness Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and

---

[1] Plaintiffs include the Estate of Robert Russell, Valerie Corbel, Roxanne Haatvedt, Veneta Delucchi, Carl Schmitt, Matthew Benzion, Kathleen LaBarge, Stacey Schwartz, Timothy Meulenberg, Stephen Wilbur, Judy Cabrera, Jackie Griffith, Sharon MacDermid, and Steven Brehio.

proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED** that:

Plaintiffs' Motion for Final Approval of Class Action Settlement, (Dkt. 253), is **GRANTED** and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards, (Dkt. 256), is **GRANTED as stated herein**.

The Settlement, including the exhibits attached thereto, is approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

1.     <u>Class Certification for Settlement Purposes Only</u>.  For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that: (a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 2.2 million people, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.  The proposed Class satisfies all of Rule 23's requirements, so the court will finally certify

the Settlement Class. Defendants retain all rights to assert that this action may not be certified as a class action, other than for settlement purposes.

2.   <u>Class Definition</u>.   The Court hereby certifies, for settlement purposes only, a Class defined as "All persons to whom 21st Century sent notification that their personally identifiable information and/or protected health information may have been disclosed in the Data Breach (as defined in Plaintiffs' Amended Consolidated Class Action Complaint, ECF No. 191), excluding (1) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; (2) the Defendants, any entity in which the Defendants have a controlling interest, and the Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; (3) any individual who timely and validly requests to be excluded from the Settlement Class; and (4) the successors or assigns of any such excluded Persons."

3.   <u>Class Notice</u>.   The approved Notice plan provided for a copy of the Summary Notice be mailed to all members of the Class who have been identified by Defendants through their records.   For postcards returned with a forwarding address, the Settlement Administrator mailed Notices to the forwarding addresses. For postcards returned as undeliverable, the administrator conducted address verification searches, obtained updated addresses, and mailed Notices to the updated addresses. The Settlement Administrator maintained the Settlement Website, which provides information about the Settlement; including copies of relevant Court documents, the Settlement Agreement, the Long Form Notice, and the Claim Form, as well as

important dates and deadlines pertinent to the Settlement. The Settlement Administrator maintains an email address through which Settlement Class Members can direct inquiries and maintains a toll-free telephone line through which Class Members can obtain detailed information about the Settlement and request a claim form be mailed to them.  Likewise, Settlement Class Members can file a claim directly on the Settlement Website.

4.     <u>Findings Concerning Notice</u>.   The Court finds and determines that mailing the Summary Notice and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules.  The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

5.     <u>Exclusion from Class</u>.  Any person falling within the definition of the Class had the opportunity, upon request, to be excluded or "opt out" from the Class. All persons and entities who submitted valid and timely Requests For Exclusion as set forth in the Court's November 2, 2020 Order Granting Preliminary Approval of Class Action Settlement and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any final judgment entered in this Action.

6.     <u>Objections and Appearances</u>.  Any Class Member had the opportunity to enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  Any Class Member also had the opportunity to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Fee Award and Costs, or to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee Award and Costs should not be granted, as set forth in the Court's November 2, 2020 Order Granting Preliminary Approval of Class Action Settlement. Any Class Member who did <u>not</u> make their objections in the manner and by the date set forth in ¶ 14 of the Court's November 2, 2020 Order Granting Preliminary Approval of Class Action Settlement Order—including the noncompliant objection attached as Exhibit B to the Declaration of Brian Devery—shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

7.     <u>Release</u>.  Upon the entry of this Order, the Class Representative and all Class Members, whether or not they have filed a Claim Form within the time provided, shall be permanently enjoined and barred from asserting any claims (except through the Claim Form procedures) against Defendants and the Released Parties arising from the Released Claims, and the Class Representative and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released

Claims.

8.      <u>Attorneys' Fees and Costs.</u>  The Court has considered Class Counsel's Fee Application along with the declarations submitted by Plaintiffs' Counsel setting forth their time and expenses incurred in connection with this litigation.  The Court finds that the attorneys' fees and costs requested by Class Counsel are fair and reasonable, particularly in light of the results achieved through this litigation as well as the contingent nature of any fee award. Accordingly, Class Counsel are awarded attorneys' fees in the amount of $3,443,535.54, and reimbursement of Litigation Costs in the amount of $306,464.46, such amounts to be paid from out of the Settlement Fund in accordance with the terms of the Settlement.

9.      <u>Service Awards.</u>  In light of the Eleventh Circuit's decision in *Johnson v. NPAS Sols., LLC*, No. 18-12344, 2020 WL 5553312 (11th Cir. Sept. 17, 2020), the Court **DEFERS RULING** on the issue of the $2,500 service award to each of the fourteen (14) Plaintiffs, and retains jurisdiction to decide the matter pending the Eleventh Circuit's decision on the petition for rehearing en banc in *Johnson*. The parties are directed to deposit $35,000 into the registry of the Court, pending the Court's determination of the service award issue. The parties are directed to notify the Court no later than fourteen (14) days after the Eleventh Circuit's decision on the petition for rehearing en banc in *Johnson*. In the event the Eleventh Circuit denies the petition for rehearing en banc in *Johnson*, the $35,000 shall be added to the Net Settlement Fund and distributed in accordance with the Settlement. In the event the Eleventh Circuit grants the petition for rehearing en banc in *Johnson*, the Court will decide Plaintiffs'

request for service awards at that time. If the Eleventh Circuit has not ruled on the petition for rehearing en banc in *Johnson* ninety (90) days prior to the expiration of the Credit Monitoring and Insurance Services, Plaintiffs shall notify the Court and may modify or withdraw their request for service awards at that time, consistent with the terms of the Settlement Agreement.

10. <u>Funds Held by Settlement Administrator</u>. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

11. <u>If Effective Date Does Not Occur</u>. In the event that the Effective Date does not occur, certification shall be automatically vacated and this Approval, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

12. The Clerk is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**IT IS SO ORDERED.**

Entered this 25th day of June 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel of Record
Any pro se party